UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICIA A. KIBE, | ) | No. CV 06-1572-RC |
| Plaintiff, | ) | |
| v. | ) | OPINION AND ORDER |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Patricia A. Kibe filed a complaint on March 17, 2006, seeking review of the Commissioner's decision denying her application for disability benefits. The Commissioner answered the complaint on August 14, 2006, and the parties filed a joint stipulation on September 20, 2006.

**BACKGROUND**

**I**

On August 29, 2003, plaintiff filed an application for disability

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in the action.

benefits under the Supplemental Security Income program of Title XVI of the Social Security Act, 42 U.S.C. § 1382(a), claiming an inability to work since March 16, 2002, due to back pain, an anxiety disorder, asthma, headaches, high blood pressure, heart problems, and vocal difficulties.  Certified Administrative Record ("A.R.") 63-65, 71.  The plaintiff's application was initially denied on January 7, 2004, and was denied again on March 16, 2004, following reconsideration.  A.R. 32-42.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Ariel Sotolongo ("the ALJ") on January 18, 2005.  A.R. 45-46, 399-423.  On April 28, 2005, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 17-28.  The plaintiff appealed this decision to the Appeals Council, which denied review on December 1, 2005.  A.R. 11-16.  On January 24, 2006, the Appeals Council set aside its earlier denial of review and considered new information; however, the Appeal Council then again denied plaintiff's request for review.  A.R. 6-10.

**II**

The plaintiff was born January 12, 1955; she is currently 52 years old.  A.R. 63, 404.  She has a GED and has previously worked as a grocery worker and home attendant.  A.R. 72, 101-08, 405-07.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards

in reaching his decision.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

The claimant is "disabled" for the purpose of receiving SSI disability benefits if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work.  20 C.F.R. § 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show

the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff "has not engaged in substantial gainful activity since the alleged onset of disability."  (Step One).  The ALJ then found plaintiff's degenerative disc disease of the cervical and lumbar spine with chronic low back pain constitutes a "severe" impairment (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a Listing.  (Step Three).  The ALJ next determined plaintiff cannot perform her past relevant work. (Step Four).  Finally, the ALJ concluded plaintiff can perform a significant number of jobs in the national economy; therefore, she is not disabled.  (Step Five).

**IV**

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  Here, the ALJ found plaintiff retains the RFC to "lift/carry 20 pounds occasionally, 10 pounds frequently, stand/walk 4 hours and sit 4 hours in an 8 hour day with alternation between sitting and standing.  She is able to climb, balance, kneel, stoop, crouch, and crawl frequently."  A.R. 27.  However, plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ improperly failed to consider the questionnaire completed by plaintiff's daughter, Sheila W. Cinto.

1    "Lay testimony as to a claimant's symptoms is competent evidence
2  that an ALJ must take into account, unless he or she expressly
3  determines to disregard such testimony and gives reasons germane to
4  each witness for doing so."  Lewis v. Apfel, 236 F.3d 503, 511 (9th
5  Cir. 2001); Parra, 481 F.3d at 750.  In particular, third-party
6  questionnaires are competent evidence and "an important source of
7  information about a claimant's impairments[.]"  Regennitter v. Comm'r
8  of the Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999);
9  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 975 (9th
10 Cir. 2000).

12   Here, plaintiff's adult daughter, Sheila Cinto, completed a
13 questionnaire indicating she lives with plaintiff, who is unable to
14 work because of her pain.  A.R. 86-94.  Ms. Cinto stated plaintiff
15 "has a very hard time doing things now because of the pain[,]" she
16 gets out less often than before, and plaintiff's condition affects her
17 ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb
18 stairs, complete tasks, and get along with others; however, Ms. Cinto
19 offered no specifics regarding these limitations, stating only that
20 "[a]ll of the things depend on how bad the pain is[,]" her ability to
21 walk "depends[,]" and "[t]here are many restrictions that she has now
22 that she didn't have before because of the pain."  A.R. 87, 90-91.
23 Further, Ms. Cinto indicated plaintiff goes out once or twice a day,
24 she is able to travel alone and use public transportation, she can
25 follow spoken instructions and handle stress, and she spends time with
26 others, talking or visiting at least once a week.  A.R. 89-92.
27 Additionally, Ms. Cinto noted plaintiff does laundry, and prepares her
28 own meals, usually making sandwiches or frozen food for herself.  A.R.

88-89.  However, plaintiff does not do yard work or other housework as "she doesn't need to clean or repair things because she is staying with [Ms. Cinto]."  A.R. 88-89.

The ALJ never discussed Ms. Cinto's questionnaire in considering plaintiff's application for disability benefits, and this clearly was legal error.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Schneider, 223 F.3d at 975.  Nevertheless, the Commissioner contends such error was harmless, Jt. Stip. at 5:7-22, and the Court agrees with the Commissioner.

The Court finds, here, that the ALJ's failure to consider Ms. Cinto's questionnaire was harmless due to the vagueness, and lack of specificity, of the notations in the questionnaire.  Frost v. Barnhart, 314 F.3d 359, 361 (9th Cir. 2002); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam).  Ms. Cinto's broad and conclusory statements about plaintiff's complete inability to work are not competent evidence since they do not address plaintiff's "symptoms or how an impairment affects ability to work"; to the contrary, conclusions about whether a claimant is capable of work "are beyond the competence of lay witnesses and therefore do not constitute competent medical evidence."  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Vincent, 739 F.2d at 1395.  Similarly, Ms. Cinto's notations of plaintiff's limitations due to pain are not specific except for the example that plaintiff has to get up or move often when sitting and watching television.  See A.R. 90.  Yet, the ALJ incorporated that limitation into her assessment of plaintiff's RFC, limiting plaintiff to jobs allowing her to alternate sitting and

1 standing.  See A.R. 27.  Further, Ms. Cinto's other vague notations
2 about plaintiff's symptoms and abilities do not conflict with the
3 ALJ's RFC assessment.  Thus, the ALJ's legal error in failing to
4 discuss Ms. Cinto's questionnaire was harmless since this Court "can
5 confidently conclude that no reasonable ALJ, when fully crediting [Ms.
6 Cinto's questionnaire], could have reached a different disability
7 determination."  Stout, 454 F.3d at 1056; Robbins v. Soc. Sec. Admin.,
8 466 F.3d 880, 885 (9th Cir. 2006).  For this reason, the
9 Commissioner's decision is supported by substantial evidence and
10 should be affirmed.

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is denied; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.

DATE:   Sept. 28, 2007          /s/ Rosalyn M. Chapman
                                  ROSALYN M. CHAPMAN
                                UNITED STATES MAGISTRATE JUDGE

R&R-MDO\06-1572.mdo
9/28/07

7